# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                     Plaintiff,        Case No:  23-cr-20653

-v-                                Honorable Stephen J. Murphy, III
                                        Magistrate Judge Steven R. Whelan

SARAH CHADWICK,

                     Defendant.

| | |
|---|---|
| Louis Meizlish | Paul J. Stablein |
| Louis.Meizlish@usdoj.gov | Paul Stablein, PLLC |
| Assistant United States Attorneys | Attorney for Defendant |
| 211 West Fort Street, Suite 2001 | 33 Bloomfield Hills Parkway |
| Detroit, Michigan 48226 | Suite 242 |
| (313) 226-9745 | Bloomfield Hills, MI 48304 |
| | (248) 540-1600 |
| | Paul@StableinLaw.com |

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO REVOKE THE MAGISTRATE JUDGE'S ORDER FOR PRETRIAL RELEASE

NOW COMES the Defendant, Sarah Chadwick, by and through her

attorney, Paul J. Stablein, and in response to the Government's Motion for Pretrial

Detention, and in support of said response, states as follows:

Based upon the evidence presented at the Defendant's detention hearing on

November 28, 2023 (by way of proffer as requested by the Government's counsel),

Ms. Chadwick rebutted any presumption that she should be held in custody

pending the trial of this matter.  The Government's brief in the current matter fails
to point out to this Honorable Court that the magistrate judge imposed a very strict
combination of conditions designed to ensure Ms. Chadwick's appearance in court
when directed and designed to ensure the protection of the community pending the
trial.  Magistrate Judge Whalen ordered that, in addition to the normal conditions
of pretrial release, prior to his release from custody, Ms. Chadwick was to be fitted
with an electronic monitoring GPS tether so that Pretrial Services agents could
constantly monitor her whereabouts.

Further, as an additional condition of her release, the magistrate judge
ordered that Ms. Chadwick was to be confined to her mother's home who, along
with Ms. Chadwick's significant other, Derrick Smith, was present in the
courtroom at the time the order was entered.  Lastly, Magistrate Judge Whalen
ordered Ms. Chadwick to continue treating with her counselor and to take any and
all prescribed medications ordered by her treating psychiatrist and the others on her
Physical Medicine and Rehabilitation Team from the University of Michigan
Hospital.  The magistrate judge correctly found that Ms. Chadwick had rebutted
the presumption relied upon by the Government at the detention hearing, and
subsequently imposed the aforementioned least restrictive combination of
conditions that would reasonably assure the safety of the community.  18 U.S.C. §
3142(g).  Further case law and factual statements are set forth in Ms. Chadwick's

concurrently filed Brief in Support of Defendant's Response to the Government's

Motion for Pretrial Detention.

WHEREFORE, Ms. Chadwick prays this Honorable Court to deny the

Government's Motion for Pretrial Detention and allow Ms. Chadwick's pretrial

release.

Respectfully submitted,


/s/ Paul J. Stablein
Paul J. Stablein
Paul Stablein, PLLC
Attorney for Defendant
33 Bloomfield Hills Parkway
Suite 242
Bloomfield Hills, MI 48304
(248) 540-1600
Paul@StableinLaw.com

DATED:      November 29, 2023

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                          Plaintiff,         Case No:  23-cr-20653

-v-                                       Honorable Stephen J. Murphy, III
                                             Magistrate Judge Steven R. Whelan

SARAH CHADWICK,

                        Defendant.

| | |
|---|---|
| Louis Meizlish | Paul J. Stablein |
| Louis.Meizlish@usdoj.gov | Paul Stablein, PLLC |
| Assistant United States Attorneys | Attorney for Defendant |
| 211 West Fort Street, Suite 2001 | 33 Bloomfield Hills Parkway |
| Detroit, Michigan 48226 | Suite 242 |
| (313) 226-9745 | Bloomfield Hills, MI 48304 |
| | (248) 540-1600 |
| | Paul@StableinLaw.com |

## DEFENDANT'S BRIEF IN RESPONSE TO THE GOVERNMENT'S MOTION TO REVOKE THE MAGISTRATE JUDGE'S ORDER FOR PRETRIAL RELEASE

Following a detention hearing held before Magistrate Judge Steven R. Whalen (which proceeded by way of proffer at the request of the Government), Ms. Chadwick was ordered released pending the trial of this matter.  The Government now seeks revocation of that order.  As will be shown below, the magistrate judge was correct in deciding upon a combination of pretrial release conditions that would

reasonably assure the safety of the community and ordering the pretrial release of Ms. Chadwick.

**FACTS**

At the detention hearing, the Government relied upon those facts it presented to the grand jury to obtain the indictment.  Clearly, in every case where a Defendant is charged with possession and distribution of child pornography, facts surrounding the allegations are going to be disturbing.  It is simply the nature of the offense. However, as the magistrate judge pointed out in his questions to the Government, if the factual basis for every child pornography case sets forth a disturbing set of text messages and images, which the Government would undoubtedly have, then pretrial detention would be the only outcome in every child pornography case.  Clearly, Congress did not intend such a result.

**ARGUMENT**

First and foremost, it should be noted, though there exists no constitutional right to bail pending trial,

> [A] federal defendant facing criminal charges, the court's decision to grant or deny bail pending trial has an impact on every subsequent stage of the case. An incarcerated defendant is substantially less able to assist in his own defense than one whose freedom is unrestricted or only conditionally restricted by conditions of home confinement. Effectively cut off from communication with persons outside the detention facility, the incarcerated defendant is unable to arrange meetings with witnesses who could testify in his defense, to assist in the investigation of his case, or to provide his attorney with the facts to

support a counter-narrative of the events leading to the criminal charge(s) against him.

Clara Kalhous, *Bail Pending Trial: Changing Interpretations of the Bail Reform Act and the Importance of Bail from Defense Attorneys' Perspectives*, 32 Pace L. Rev. 800 (2012).

18 U.S.C. §3142(g) sets forth several factors which the Court must consider in determining whether to release or detain a defendant. These are:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The right to a detention hearing is granted a criminal defendant pursuant to 18 U.S.C. §3142(f). "The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure

the safety of any other person and the community shall be supported by clear and convincing evidence." Here, Magistrate Judge Whalen clearly could not conclude that the Government had met their burden of establishing the need for detention by clear and convincing evidence.

Though a presumption exists that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community in any case where the defendant is charged with a violation of 18 U.S.C. § 2252A(a)(2), that presumption is rebuttable. 18 USC §3142(e)(3)(B). "A defendant satisfies his burden of production when he 'com[es] forward with evidence that he does not pose a danger to the community or a risk of flight.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010), quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2nd Cir. 2001). Once the defendant comes forward with evidence that rebuts the presumption, the presumption does not cease to exist, but rather becomes one factor among the other §3142 factors the court is to take into consideration in deciding whether to release a defendant pending trial. *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990). Therefore, though a presumption of detention exists in any distribution case, the presumption is rebuttable and the Government still bears the burden of establishing the defendant is a danger to the safety of the community by clear and convincing evidence.

In the case before this Honorable Court, the Government failed to meet their burden before the magistrate judge.  Ms. Chadwick is thirty years old and single, though she has been in a long-term relationship with Derrick Smith, living in the home they own in Pontiac, Michigan. She does provide care for Mr. Smith's fourteen-year-old daughter, who also has resided with them since the girl was young. Ms. Chadwick was born in Muskegon, Michigan, and has lifelong financial, familial, and residential ties to this district.

Of particular import in this matter, are the factors listed in 18 U.S.C. § 3142(g)(3)(A), all of which fall in favor of pretrial release for Ms. Chadwick.  Ms. Chadwick's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," all support the conclusion that she would not be a danger to the community going forward.  She has lived her whole life in Michigan, she has the support of her mother and Mr. Smith, she has no history of drug or alcohol abuse, and no prior contact with law enforcement whatsoever.

As to Ms. Chadwick's physical and mental condition, the Court should be aware that, at the age of 16, Ms. Chadwick was involved in a very serious motor vehicle accident that left her in a coma for over one month.  She suffered a serious traumatic brain injury, and is currently under the care of a Physical Medicine and

Rehabilitation Team from the University of Michigan Hospital.  Her primary physician is Dr. Claflin, and the team consists of her case manager, her psychiatrist (Dr. Adam Sidiqi), her neurologist, and a physician who specializes in treating her epilepsy.  Ms. Chadwick has had two seizures while in custody at the Livingston County Jail, where she has been since her arrest on November 8, 2023.

The Government argued to the magistrate judge that the Pretrial Services Agency was not equipped to ensure that Ms. Chadwick would have no access to the internet and reiterates that argument to this Honorable Court.  The issue was quickly dispelled when the magistrate judge inquired of Pretrial Services Agent Gary Woolfork as to whether PTS could set up password protection for any devices at the mother's home.  Mr. Woolfork told the court that the agency could password protect any devices in the home and monitor internet access.  Undersigned counsel has spoken to Linda Hartman, who explained that she only has an outdated cell phone and computer (which she does not use), and she only has home WIFI so that she can watch television shows on Netflix.  Consequently, the Government has failed, even in light of the presumption mentioned above, to carry its burden by clear and convincing evidence that no combination of conditions can be fashioned that would reasonably assure Ms. Chadwick would not be a danger to the community.

As to a decision whether a combination of conditions of bond imposed by this Honorable Court could reasonably ensure the safety of the community, the case of

*United States v. O'Brien*, 895 F.2d 810 (1ˢᵗ Cir. 1990), cited above, is particularly instructive. "O'Brien was a high-ranking federal drug agent for 18 years. He was arrested on August 14, 1989 in a government 'sting' operation, and indicted for trafficking in cocaine in violation of 21 U.S.C. §§ 841 and 846." *Id.* at 810. A detention hearing was initiated which lasted for several days. The district court ultimately ordered O'Brien to be released on a bond with the condition that he wear a GPS tether so that his whereabouts could be continually monitored. The Government appealed and the First Circuit Court of Appeals reviewed, exhaustively, all of the factors that applied to the district court's conclusion to release the defendant. The Court found:

> "The defendant without doubt presents a risk of flight with or without the presumption. The emotional and financial difficulties he is experiencing make his actions less predictably rational. He undoubtedly has connections abroad because he worked in France for five years. If he is inclined to flee, O'Brien is sophisticated in the practices of enforcement agencies and may have an increased likelihood of successfully doing so,"

*Id.* at 816.

The Court further concluded, "We conclude that the evidence concerning the effectiveness of the bracelet (GPS tether) alone only arguably rebuts the presumption of flight." *Id.* at 816 (CA 1 1990). The Court found that the imposition of the GPS tether along with the other combination of conditions reasonably assured the defendant's appearance and served, together, to rebut the presumption of detention.

The same rationale applies to the case before this Honorable Court.   The release order the Government seeks to revoke here imposes very stringent conditions on Ms. Chadwick in order to ensure that she appears when directed and to ensure the safety of the community.   The magistrate judge ordered a GPS tether *along with* home detention in the custody of her mother.   The order commands Ms. Chadwick to continue her treatment with her treatment team and to take any physician-prescribed medications as directed.   In addition, the order also directs that Ms. Chadwick be monitored and tested by US Pretrial Services while on pretrial release. This combination of conditions surely rebuts the presumption of detention upon which the Government relies here.

It should be remembered:

> [T]he restrictions and institutional regulations defense attorneys face when visiting clients at detention centers impede the attorneys' abilities to defend their clients and, by creating logistical barriers to client contact, impede the defense's ability to fully investigate the facts giving rise to the criminal indictment against the client. In a system where nine in ten federal criminal cases end in a conviction[1], a denial of pretrial release makes it all the more likely that a defendant will plead guilty or that he will lose at trial. In addition, convicted defendants who were denied bail before trial are often sentenced to longer terms of incarceration than defendants who were granted pretrial release.[2] (Footnotes in original).
>
> Clara Kalhous, *Bail Pending Trial: Changing Interpretations of the Bail Reform Act and the Importance of Bail from Defense Attorneys' Perspectives*, 32 Pace L. Rev. 800 (2012).

---

[1] Mark Motivans, *U.S. Dep't of Justice, NCJ 234184, Federal Justice Statistics, 2009*, at 2 (2011).
[2] Marc Miller & Martin Guggenheim, *Pretrial Detention and Punishment*, 75 Minn. L. Rev. 335, 339 n. 33 (1990).

WHEREFORE, Ms. Chadwick prays this Honorable Court to deny the Government's Motion for Pretrial Detention.

Respectfully Submitted,


s/Paul J. Stablein
Paul J. Stablein
Paul Stablein, PLLC
Attorney for Defendant
33 Bloomfield Hills Parkway
Suite 242
Bloomfield Hills, MI 48304
(248) 540-1600
Paul@StableinLaw.com

DATED:      November 29, 2023