UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SARAH CHADWICK,

        Defendant.

_____/

Case No. 2:23-cr-20653

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER
## GRANTING MOTION FOR PRETRIAL DETENTION [17]

Defendant Sarah Chadwick was charged with possession and distribution of child pornography under 18 U.S.C. § 2252(a). ECF 11. At a detention hearing on November 28, 2023, Magistrate Judge Steven R. Whalen ordered that Defendant be released on an unsecured bond with conditions. ECF 16. The Magistrate stayed the release order until 12 p.m. the following day so that the Government could appeal the order. ECF 16. The Government then moved for Defendant to be detained pending trial. ECF 17. Defendant opposed the motion and argued that she rebutted the presumption that she posed a danger to society because of the conditions of release. ECF 20. The Court held a hearing and took the motion under advisement. ECF 18.

## BACKGROUND

The FBI executed a federal search warrant at Defendant's residence and for her cellular telephone on November 8, 2023. ECF 17, PgID 37. The phone search uncovered numerous images and videos of minors engaging in sexual activity,

1

including infants and toddlers. *Id.* The search further revealed that Defendant sent many of the images to other individuals via electronic messaging apps. *Id.* Defendant also told law enforcement that they would find between 100 and 150 images of child pornography on her phone. *Id.* She admitted that some of the images depicted children being raped. *Id.* Defendant said she used the apps Wickr, Whatsapp, and Telegram to receive and send child pornography, and that she has been doing so for a couple years. *Id.* Defendant also admitted she photographed her live-in boyfriend's daughter in the bathtub when the minor was approximately eight years old.[1] *Id.* In the photograph, the daughter was nude. *Id.* Defendant admitted to sending the image to others on the Internet. *Id.* at 38.

Defendant also admitted she communicated with another offender in Texas. *Id.* Law enforcement was able to find and charge the other offender, who has an eight-year-old daughter. *Id.* In their conversations, both Defendant and the Texas offender discussed child molestation in favorable terms, including the molestation of the man's daughter—to which he admitted. *Id.* Similarly, the Government presented evidence of Defendant's other communications with an offender in Ohio, again discussing child molestation in favorable terms. *Id.* at 38−39. Law enforcement was able to find and charge the Ohio offender with federal crimes that included travel with intent to engage in illicit sexual conduct, 18 U.S.C. § 2423(b), and coercion or enticement, 18 U.S.C. § 2422(b). *Id.* at 39. Another person conversing with Defendant expressed an interest in "raping minorities." ECF 19, PgID 54. Defendant did not discourage this

---

[1] The boyfriend's daughter is now fourteen years old. *Id.*

behavior and later told the same person that she "just convinced a man to molest his nieces[.]" *Id.* at 56. Last, the phone search revealed that Defendant distributed a graphical flyer that encouraged child molestation, including information about when and how to penetrate children, including infants. ECF 17, PgID 39; ECF 19, PgID 55. The flyer also contained child pornography. *Id.*

After conducting a detention hearing, the Magistrate Judge ordered Defendant be released on bond under the following conditions: (1) Defendant must report to pretrial services; (2) Defendant must restrict her travel to the Eastern District of Michigan; (3) Defendant may not have any contact with any person who is or may become a victim nor with other offenders; (4) Defendant may not possess any firearms or dangerous weapons; (5) Defendant may not use drugs, except those proscribed, (6) Defendant must submit to any required testing, comply with a curfew, and allow GPS monitoring; (7) Defendant must participate in treatment and mental health counseling, including program in which she is currently enrolled; (8) Defendant may not obtain sexually explicit materials in any form; (9) Defendant must have no contact with minor children, unless in presence of a responsible adult who is aware of the charges against Defendant; (10) Defendant may not accept any employment or volunteering opportunity during which she would have unsupervised contact with minors; (11) Defendant may not spend time within 100 yards of areas where children congregate; (12) Defendant may not live with minors and must reside with her mother; (13) Defendant must comply with computer restrictions and a monitoring program; (14) computers in the house must be password protected; (15) Defendant

must permit searches of her property; and (16) Defendant may not patronize places with sexually explicit material or stimuli. *See* ECF 16.

## LEGAL STANDARD

This Court reviews a magistrate judge's pretrial order de novo. *See* 18 U.S.C. § 3145; *United States v. Yamini*, 91 F. Supp. 2d 1125, 1128–29 (S.D. Ohio Feb. 24, 2000) (collecting cases). Under the Bail Reform Act, a "judicial officer shall order the [pretrial] detention" of a defendant if the officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

When a defendant faces a charge of distributing child pornography, there is a rebuttable presumption that no conditions will reasonably assure appearance and the safety of the community. 18 U.S.C. § 3142(e)(3)(E); *see also United States v. Risinger*, No. 322-cr-0007, 2022 WL 1773362, at *1 (E.D. Ky. May 31, 2022). The presumption imposes on the defendant a threshold "burden of production" such that "he must introduce at least some evidence" that he poses neither a flight nor a danger risk. *United States v. Stone*, 608 F.3d 939, 945–46 (6th Cir. 2010); *United States v. Hernandez*, No. 1:02-CR-006, 2002 WL 1377911, at *2 (E.D. Tenn. Feb. 27, 2002) (requiring the defendant to "produc[e] probative, credible evidence to rebut the presumption and support his contention that he will appear . . . and [that] he does not pose a danger"). The production burden "is not heavy," and the Government retains the ultimate burden of persuasion. *Stone*, 608 F.3d at 945. "An unrebutted

4

presumption requires detention. A rebutted presumption remains a pro-detention statutory factor." *Risinger*, 2022 WL 1773362, at *1. "The presumption remains as a factor because it . . . reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Stone*, 608 F.3d at 945.

After a defendant rebuts the presumption, the Government must show by clear and convincing evidence that the defendant's release poses a risk of danger to the community to detain the defendant. 18 U.S.C. § 3142(f); *Risinger*, 2022 WL 1773362, at *2−3.

## DISCUSSION

The Court will first address whether Defendant rebutted the presumption that no conditions will reasonably assure appearance and the safety of the community. The Court will then discuss "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g).

First, Defendant presented evidence that rebuts the presumption that no conditions will reasonably assure appearance. Specifically, Defendant claimed that she suffers from seizures and has no criminal history. ECF 16. Defendant argued that those factors, combined with the guidance of the pretrial services report, rebutted the presumption. *See* ECF 16. To be sure, Defendant's physical and mental health issues, as detailed in the pretrial services report, may indeed reduce her risk of nonappearance because she arguably needs to stay in the area to receive treatment. Thus, because the production burden "is not heavy," *Stone*, 608 F.3d at 945, the Court

5

finds that Defendant rebutted the presumption that no conditions will reasonably assure appearance.

Defendant did not, however, offer evidence that rebuts the presumption that no conditions will reasonably assure the safety of the community. Defendant argued, and the Magistrate Judge agreed, that the conditions of release rebutted the presumption because they mitigated the risk of danger to the community. *See* ECF 16. But allowing a Defendant to rebut the presumption with suggested conditions of release renders the presumption meaningless. The law requires the Court to presume that *no conditions* will reasonably assure appearance and the safety of the community. 18 U.S.C. § 3142(f). Thus, Defendant must offer evidence as to why the proffered conditions will reasonably assure the safety of the community.

But Defendant failed to satisfy that burden. Defendant's health and criminal histories have no bearing on whether she is a danger to the community because Defendant has engaged in the conduct for which she is charged for several years—despite her health issues and lack of criminal history. And Defendant offered no other persuasive rebuttal evidence. For example, no witnesses testified to Defendant's character or nonviolent nature. *Compare* ECF 16 *with Risinger*, 2022 WL 1773362, at *3 (explaining that the defendant rebutted the presumption of danger in part because three witnesses testified to his nonviolent nature). And although Defendant's mother agreed that Defendant may live with her, nothing in the record indicates that Defendant will be consistently supervised. *See Risinger*, 2022 WL 1773362, at *3 (explaining that the defendant rebutted the presumption in part because his parents

6

agreed that one of them would always be home to supervise the defendant). And although the Defendant offered evidence that her mother was willing to password protect her home Wi-Fi, the pretrial services officer indicated that the mother "does not know how to change the passcode but would allow the defendant to show her how to change the passcode." ECF 19, PgID 58; *compare with id.* (explaining that the defendant rebutted the presumption of danger in part because his parents indicated they were willing to remove all electronic devices from the home). Defendant's mother's apparent lack of technological knowledge and Defendant's relative technological sophistication make it possible for Defendant to access the Internet despite the conditions of release. Considering the above, the Court finds the Defendant did not present evidence that conditions of release reasonably assure the safety of the community. Defendant therefore did not rebut the presumption that no conditions will reasonably assure the safety of the community, and pretrial detention is proper. *See* 18 U.S.C. § 3142(f).

Even assuming Defendant rebutted both the presumption of nonappearance and danger to the community, the Court finds that no conditions of release will reasonably assure the appearance of the Defendant or the safety of the community. In making this determination, the Court must consider four factors: (1) the nature and circumstances of the offense charged, (2) the weight of evidence against the person, (3) the history and characteristics of the person, (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). For the reasons below, the United States proved

by clear and convincing evidence that no conditions can reasonably assure community safety because all four of the factors weigh in favor of finding that Defendant presents a serious risk of danger to the community and the proposed release conditions do not reasonably assure that Defendant will not threaten the safety of others if released.

The first BRA factor is the "nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim." 18 U.S.C. § 3142(g)(1). "The alleged offenses in this case are unquestionably among a category of offenses that Congress has deemed particularly dangerous and typically appropriate for pretrial detention." *Risinger*, 2022 WL 1773362, at *3. "Accordingly, the first factor is strongly pro-detention" and weighs in favor of granting the Government's motion. *Id.*

The next consideration gauges "the weight of the evidence against the person." 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of evidence of dangerousness, not the weight of the evidence of defendant's guilt." *Stone*, 608 F.3d at 948. Here, the Government "presented evidence demonstrating that [Defendant's] efforts were constant, long-standing, and overwhelming." *Risinger*, 2022 WL 1773362, at *3. For example, "electronic messaging between [Defendant] and other individuals" was dated "in 2021 and 2023," demonstrating that Defendant's conduct spanned at least two years. ECF 17, PgID 36. And Defendant produced and distributed naked photos of her boyfriend's daughter six years ago. ECF 17, PgID 37. The Government therefore demonstrated the longstanding nature of the offending conduct. The Government also offered evidence that 100 to 150 child pornography images were

found on Defendant's phone, which certainly demonstrates a commitment to such behavior that is constant and overwhelming. *See id.* at 35. Similarly, the text message evidence presented by the Government demonstrates that Defendant was particularly aggressive in her pursuit of harmful conduct. *See e.g.,* ECF 19, PgID 56−57 ("I just convinced a man to molest his nieces . . . I like to be the devil's advocate."). The Government also introduced other evidence that Defendant encouraged and instigated the molestation and rape of minors. ECF 19, PgID 37−39. What is more, the Government presented evidence that those whom Defendant encouraged to engage in harmful conduct are in fact being charged for the same harmful conduct. *Id.* Considering the above, Defendant, over the span of at least six years, engaged in egregious, dangerous behavior. The weight of evidence therefore favors detention.

The third factor focuses on the defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). Although Defendant has no criminal history, "even without a criminal record, courts have found the third factor as favoring detention" in child pornography cases. *Risinger*, 2022 WL 1773362, at *4 (citations omitted). Indeed, in *Risinger,* "the Court [could not] ignore that the allegations in th[e] case span[ned] three years, necessarily making this alleged conduct part of his history and characteristics." *Id.* The same analysis applies here because the Government presented evidence that Defendant's alleged criminal activity spanned six years. *See* ECF 17, PgID 36; ECF 19. Considering the above—even acknowledging Defendant's lack of criminal record—the third factor favors detention.

The fourth and final factor is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Courts have held that "engaging with child exploitation materials causes real, lasting harm to real victims and may warrant detention based on danger under the BRA." *Risinger*, 2022 WL 1773362, at *4 (citations omitted). In *Risinger*, the Court concluded that the fourth factor favored detention because "children in [defendant's] community could be in danger of falling victim to his alleged predatory conduct." *Id.* The same is true here. Although the terms of release, *supra*, ordered Defendant not to engage with any sexually explicit materials or interact with minors or other offenders, without consistent supervision, that condition will not prohibit Defendant from engaging in conduct that sexually victimizes children. Indeed, "[c]onsidering the ubiquity of data-accessible cellular and other electronic devices in the home as well as the presence of neighboring wireless internet connections, the Court is not confident that it can sufficiently monitor and restrict [Defendant's] data and device access." *Id.* (citing *United States v. Foster*, No. 20-5548, 2020 WL 6791572, at *3 (6th Cir. July 20, 2020) (emphasizing the inherent difficulty in limiting and policing a child exploitation defendant's device and internet use considering modern technology)). This difficulty is exacerbated by the fact that Defendant would not always be supervised and would be allowed to leave the house and travel throughout the Eastern District of Michigan. ECF 16. Children both in Defendant's community[2]

---

[2] The latest Pretrial Services report in the case noted that children reside in the immediate area near where Defendant's mother agreed to assume third party custody of the Defendant.

10

and outside Defendant's community would therefore be in danger of falling victim to her dangerous and harmful conduct. The fourth factor therefore favors detention.

Because all four factors weigh in favor of detention and "no combination of available conditions adequately guards against the danger that Defendant presents," *Risinger*, 2022 WL 1773362, at *4, the Court finds that detention is appropriate. *See e.g., United States v. Demarcus Bristuan Fitzhugh,* No. 16-mj-30364, 2016 WL 4727480, at *6 (E.D. Mich. Sept. 12, 2016) ("In light of the Defendant's past behavior, the pervasiveness of wireless internet, and the immeasurable harm to child porn victims, this Court finds that danger to the unknown minors favors detention of the Defendant.").

## ORDER

Defendant did not rebut the presumption that no conditions of release will reasonably assure appearance and the safety of the community. And the Government showed by clear and convincing evidence that Defendant's release poses a risk of danger to the community. The Court will therefore grant the Government's motion for pretrial detention.

**WHEREFORE**, it is hereby **ORDERED** that the Government's motion for pretrial detention [17] is **GRANTED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 4, 2023

11